[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 13, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14498
Non-Argument Calendar

_____

D. C. Docket No. 07-00151-CR-01-ODE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL CRUZ GONZALEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(May 13, 2008)**

Before TJOFLAT, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Miguel Cruz Gonzalez, a Mexican citizen, was indicted for illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2),[1] pled guilty, and was sentenced by the district court to a prison term of 28 months, a term above the sentence range prescribed by the Sentencing Guidelines. He now appeals his sentence, raising one issue: whether his sentence is unreasonable.

Gonzalez first argues that the district court violated the "one book" rule by relying on the 1995 Sentencing Guidelines Manual instead of the 2006 Sentencing Guidelines Manual, which does not recognize multiple prior deportations as a ground for an upward departure. He argues next that, because the district court, in imposing the above-sentence range sentence, (1) never referred to a "variance" or to the Supreme Court's holding in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), (2) did not discuss the reasonableness of his sentence in light of the 18 U.S.C. § 3553(a) sentencing factors, and (3) specifically referred to an "upward departure" in the context of the Guidelines, it was clear that the court intended his sentence to be an upward departure "under a traditional guideline calculation." Gonzalez contends that the court failed to follow the proper

---

[1] Gonzalez had been convicted on March 2, 2004, of Tampering with a Motor Vehicle and Possession of a Controlled Substance and sentenced to probation for a term of five years. On August 13, 2004, he was deported to Mexico. Gonzalez was deported from the United States to Mexico on four prior occasions (all for immigration violations), on January 4, 2001, July 18, 2002, June 27, 2003, and August 5, 2003.

procedures for departing upwardly under U.S.S.G. § 4A1.3 because it "presumably jumped from a Criminal History Category of III to a Criminal History Category VI" without explaining how he compared to other defendants who fall into criminal history category VI; thus, the court failed to conduct the required "guided analysis" of the applicable guideline range.

After Booker, sentencing is a two-step process that requires the district court first to "consult the Guidelines and correctly calculate the range provided by the Guidelines," and then to determine a reasonable sentence after considering § 3553(a). United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). We review the district court's interpretation and application of the Guidelines de novo, and the sentence imposed for reasonableness, United States v. Campbell, 491 F.3d 1306, 1313, 1315 (11th Cir. 2007) (internal quotations and citation omitted), which is "a deferential abuse-of-discretion standard," Gall v. United States, — U.S. — ,128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). A sentence may be procedurally unreasonable if it results from a procedure that does not follow the requirements of Booker, and may be substantively unreasonable, irrespective of the procedure used. United States v. Hunt, 459 F.3d 1180, 1182 n. 3 (11th Cir. 2006).

An above-guidelines sentence is a variance, and not a Guidelines departure, where the district court: (1) correctly calculates the advisory Guidelines range; (2)

considers the adequacy of this range in the light of the § 3553(a) factors; and (3) concludes that the Guidelines range does not adequately address those factors. See United States v. Irizarry, 458 F.3d 1208, 1211-12 (11th Cir. 2006), cert. granted,128 S.Ct. 828 (2008). Where the court fails to cite to a specific Guidelines departure provision and states that the Guidelines do not adequately take into account the severity of the offense, the district court's imposition of an above-Guidelines sentence is not an upward Guidelines departure. See United States v. Eldick, 443 F.3d 783, 788 n.2 (11th Cir. 2006) (noting that "[it was] not reviewing the propriety of a 'guidelines' departure" where the district court treated its decision to impose an above-guideline sentence as an exercise of its discretion), cert. denied, 127 S.Ct. 251 (2006).

In reviewing the reasonableness of a sentence, we consider the factors set out in § 3553(a) and the district court's reasons for imposing the particular sentence. United States v. Williams, 435 F.3d 1350, 1355 (11th Cir. 2006). The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to

4

avoid unwanted sentencing disparities; and (10) the need to provide restitution to the victims.

See 18 U.S.C. § 3553(a)(1)-(7). While the court must consider the § 3553(a) factors, it is not required to discuss each factor. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Rather, "an acknowledgment by the court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under Booker." Id.

The record of Gonzalez's sentencing proceeding demonstrates that the district court relied solely on the § 3553(a) factors to vary upward from the prescribed sentence range, and therefore, treated its decision to impose a sentence above that range as a variance, rather than an upward departure. Accordingly, it did not err in failing to follow the procedural requirements for a departure under U.S.S.G. § 4A1.3, nor did it violate the one book rule. Further, because the court adequately considered the § 3553(a) factors, and the sentence imposed was reasonable in light of those factors, the sentence is not the product of an abuse of discretion.

AFFIRMED.